

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

Honorable John S. Rudd, Jr., Acting Director
Teacher Retirement System of Texas
Austin, Texas

Dear Sir:

Opinion No. O-4072
Re: Contributions received by
Teacher Retirement System
after retirement of member.

We have received your letter of October 6, 1941, in which you ask whether the following regulation passed by the Board of Trustees of the Teacher Retirement System is a proper one.

"Contributions received by the Retirement System for the account of a member subsequent to the effective date of such member's retirement shall be returned to such member and shall not be included as part of such member's annuity reserve."

Section 5, Subsection 2 of the Teacher Retirement Law (Article 2922-1, Vernon's Annotated Civil Statutes) reads in part as follows:

"2. Allowance for Service Retirement. Upon retirement for service a member shall receive a service retirement allowance consisting of a membership annuity, which shall be the actuarial equivalent of his membership annuity reserve, and a prior-service annuity to which his creditable service and membership in the Teacher Retirement System entitles him under the provisions of this Act.

"(a) His membership annuity reserve shall be derived from:

"(1) His accumulated contributions credited to his account in the Teacher Saving Fund at the time of retirement; and

"(2) An additional sum from the State Member-
ship Accumulation Fund equal to the accumulated con-
tributions provided by the member in Subsection (1)
of Paragraph (a) of this Subsection."

The validity of the regulation necessarily depends upon
the meaning of the words "credited to his account in the Teacher
Saving Fund at the time of retirement."

If this provision means the actual receipt of the money
and its deposit in the fund to the credit of the member, then the
regulation is valid. But on the other hand, if the language means
the deductions from the member's earnable compensation which is
to be placed in the fund, then the regulation is invalid. We are
inclined to the latter expressed view.

Some general rules on statutory construction are quoted
from Texas Jurisprudence, Volume 39, pages 166, 209, 217, as fol-
lows:

"'The intention of the Legislature in enacting
a law is the law itself,' 'the essence of the law,'
and 'the spirit which gives life' to the enactment.
Hence, the aim and object of construction is to as-
certain and enforce the legislative intent, and not
to defeat, nullify or thwart it.

"When the intent is plainly expressed in the
language of a statute, it must be given effect with-
out attempting to construe or interpret the law. On
the other hand, when it is necessary to construe an
act in order to determine its proper meaning, it is
settled by a host of decisions that the court should
first endeavor to ascertain the legislative intent,
from a general view of the whole enactment. Such
intent having been ascertained, the court will then
seek to construe the statute so as to give effect to
the purpose of the Legislature, as to the whole and
each material part of the law, even though this may
involve a departure from the strict letter of the law
as written by the Legislature.

"This is the fundamental canon and the cardinal,
primary and paramount rule of construction, which
should always be closely observed and to which all
other rules must yield. * * *"

* * * *

"Another fundamental rule requires that a stat-
ute be construed as a whole and that all of its parts
be harmonized, if possible, so as to give effect to
the entire act according to the evident intention of
the Legislature. * * *

"Each part of the statute is to be considered in
connection with every other part and with the entire
enactment, in order to produce a harmonious whole and
to reach the true legislative intent. Thus in case
of doubt as to the meaning of a particular word, clause,
provision or section, it is to be viewed in the light
of all the language employed. It follows that a pro-
vision will not be given a meaning out of harmony with
other provisions and inconsistent with the purpose of
the act, although it would be susceptible of such con-
struction if standing alone."

* * * *

* * * * Thus it is settled that a statute will be
construed with reference to its intended scope, its
general purpose, and the ends or objects sought to be
attained. Every provision, clause or word of an act
will be construed with reference to its leading idea
or general purpose, and brought, so far as possible, in-
to harmony therewith."

With these principles in mind we will now consider the
language used in Section 5, Subsection 2 of the Act. The main
purpose of the Teacher Retirement Law is the protection of teach-
ers after retirement. It is true that the teacher shares part of
the burdens of the Act; however, the act is mainly for his benefit,
and we believe that doubts should be resolved in his favor.

Subsection 1 of Section 8 of the Act provides for deduction from the salary of the teacher of five per cent of his earnable compensation. Subsection 1(c) of Section 8 provides in part as follows:

" * * * The employer shall certify to the State Board of Trustees on each and every payroll, or in such other manner as said Board may prescribe, the amounts to be deducted; and each of said amounts shall be deducted, and when deducted shall be paid into said Teacher Saving Fund, and shall be credited, to the individual account of the member from whose compensation said deduction was made."

If the regulation under consideration were upheld, then emphasis would be placed on the physical acts of receiving the contributions and depositing the same in the fund to the credit of the teacher. But if the deduction is rightfully made from the compensation of the teacher, should the teacher be penalized if the employer fails or neglects to send it in promptly? We think not. We believe that once the deduction is rightfully made from the salary of the teacher, then it is to his credit in the Teacher Saving Fund even though the teacher is retired before the money is actually received by the Teacher Retirement System. This view places emphasis, not on the physical acts of receipt and deposit of the contributions, but on the spirit behind the law.

It is our opinion, therefore, that the regulation is invalid.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By George W. Sparks
George W. Sparks
Assistant

GWS:ej

